UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

F.A.R.,                                                 :
                                                        :
                                     Petitioner,        :
                          - against -                   :
                                                        :
KENNETH GENALO, *in his official capacity*              :
*as Field Office Director of New York*,                 :
*Immigration and Customs Enforcement*;                  :     **MEMORANDUM DECISION AND**
RAUL MALONADO Jr., *in his official*                    :     **ORDER**
*capacity as Warden of the Metropolitan*                :
*Detention Center*; TODD LYONS, *in his*                :     26-cv-1663 (BMC)
*official capacity as Acting Director U.S.*              :
*Immigrations and Customs Enforcement*;                 :
KRISTI NOEM, *in her official capacity as*              :
*Secretary of Homeland Security*; PAM                   :
BONDI, *in her official capacity as Attorney*           :
*General*,                                              :
                                                        :
                                    Respondents.        :
-------------------------------------------------------- X

**COGAN**, District Judge.

Petitioner F.A.R.,[1] a Honduran national, was detained by Immigration and Customs

Enforcement ("ICE") on August 28, 2025 while appearing at a probation appointment in

connection with a driving-while-intoxicated conviction. On March 19, 2026, petitioner filed a

petition for writ of habeas corpus under 28 U.S.C. § 2241, requesting his immediate release from

ICE detention. For the following reasons, the petition is granted in part. Respondents must

provide petitioner with a bond hearing forthwith, at which they will be required to establish the

need for petitioner's continued detention by clear and convincing evidence.

---

[1] Petitioner separately moves to proceed using initials only. Substantially for the reasons stated in petitioner's
accompanying memorandum of law, and absent any objection from respondents, the Court grants the motion.

**BACKGROUND**

Petitioner was apprehended by U.S. Customs and Border Protection ("CBP") on October 13, 2013, in the Rio Grande Valley after unlawfully entering the United States. The next day, petitioner was issued a Notice to Appear (Form I-862) for removal proceedings and a Warrant for Arrest of Alien (Form I-200). Because petitioner was 17 years old at the time of his initial detention, CBP performed an Unaccompanied Alien Children ("UAC") screening, in which it determined that petitioner was a UAC who was not a national or habitual resident of the United States. On October 30, 2013, petitioner was released to his mother pursuant to a Sponsor Care Agreement.

On September 9, 2021, almost eight years after petitioner's release and subsequent to various proceedings in the immigration court, petitioner was ordered removed from the United States to Honduras. Petitioner filed an appeal before the Board of Immigration Appeals ("BIA"). The BIA eventually remanded petitioner's case on the issue of whether petitioner was eligible for voluntary departure. To the Court's knowledge, the matter remains pending while petitioner prepares to file additional applications for relief from removal.

On June 26, 2022, petitioner was arrested for aggravated driving while intoxicated with a child-passenger less than 16 years old, in violation of New York Vehicle and Traffic Law. Petitioner ultimately pleaded guilty on July 23, 2024 and was sentenced to three years of probation, license revocation, and a $500 fine.

On August 28, 2025, petitioner appeared for a probation appointment and was taken into custody by ICE, pursuant to a Form I-200. The Form I-200 stated that petitioner was taken into custody as authorized by the Immigration and Nationality Act ("INA"), Sections 236 (8 U.S.C. § 1226) and 287. Petitioner was transported to ICE's Newburgh, New York office for processing.

He was eventually transferred to the Metropolitan Detention Center in Brooklyn, New York, which is where he remains to this day.

Petitioner seeks a writ of habeas corpus on the grounds that his detention violates the INA, his due process rights, the Trafficking Victims Protection Reauthorization Act, and the Administrative Procedure Act.[2]

**DISCUSSION**

**I.      Legal Standard**

Habeas corpus "stands as a safeguard against imprisonment of those held in violation of the law." Harrington v. Richter, 562 U.S. 86, 91 (2011); see also Öztürk v. Hyde, 136 F.4th 382, 393 (2d Cir. 2025). The Court may issue a writ under Section 2241 "whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" Wang v. Ashcroft, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." Lopez v. Sessions, No. 18-cv-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing Demore v. Kim, 538 U.S. 510, 516-17 (2003)).

**II.     Analysis**

In their return to the Order to Show Cause, respondents argued that petitioner was detained under 8 U.S.C. § 1225(b)(2)(A). But that was before the Second Circuit issued its decision in Barbosa Da Cunha v. Freden, 175 F.4th 61, 69 (2d Cir. 2026), in which it held that §1225(b)(2)(A) "does not apply to ... noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." Instead, § 1226(a) "governs detention of [such]

---

[2] As set forth *infra*, petitioner prevails on the first ground. Therefore, the Court need not consider petitioner's other grounds.

noncitizens." Id.  Accordingly, in a subsequent memorandum, respondents, although expressing their disagreement with Barbosa Da Cunha. nonetheless ackknowledged that it controls, and that petitioner is subject to § 1226(a).

On May 22, 2026, an ICE officer provided petitioner with a post hoc custody determination and concluded that petitioner was properly detained.  Specifically, the officer found that petitioner "did not establish that he did not pose a danger to persons or property because of his prior convictions for Driving While Intoxicated under New York Vehicle and Traffic Law 1192(2)(A)(B)."  According to respondents, petitioner refused to acknowledge receipt of the determination and refused to request or waive a bond hearing before an immigration judge.  They thus argue that petitioner's habeas petition should be denied because (1) the Court does not have jurisdiction to review ICE's custody determination and, relatedly, (2) petitioner has failed to exhaust his administrative remedies (and no exception to exhaustion applies).

Petitioner replies that he does, in fact, want a bond hearing, and says nothing about having refused one.  Notwithstanding this confusion, the parties agree that petitioner is entitled to a bond hearing – so that is what petitioner will receive.

**CONCLUSION**

For the foregoing reasons, the Court grants the habeas petition in part.  Respondents shall provide petitioner with a bond hearing before an immigration judge forthwith.  At that bond hearing, respondents will bear the burden of establishing by clear and convincing evidence that petitioner is either a danger to the community or a flight risk.  See Velasco Lopez v. Decker, 978 F.3d 842, 855-57 (2d Cir. 2020).  In making such a determination and in setting any bond amount, the immigration judge must consider alternatives to detention and petitioner's ability to

4

pay.  See <u>O.F.C. v. Decker</u>, No. 22-cv-2255, 2022 WL 4448728, at \*10 (S.D.N.Y. Sept. 12, 2022).

**SO ORDERED.**

_Brian M. Cogan_
_____
U.S.D.J.

Dated:  Brooklyn, New York
      June 9, 2026